# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:

MAHMOUD S. RAHIM and
RAYA H. ABDULHUSSAIN,

      Debtors-in-Possession.

_____/

Case No. 11-54484-SWR
Chapter 11
Hon. Steven W. Rhodes

## <u>DEBTORS' COMBINED PLAN OF REORGANIZATION</u>
## <u>AND DISCLOSURE STATEMENT</u>

Prepared by:

LIEBERMAN, GIES & COHEN, P.L.L.C.
Michael D. Lieberman (P38529)
Steven J. Cohen (P45140)
Attorneys for Debtors
30500 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
Phone:   (248) 539-5500
Fax:     (248) 539-5581
Mike@lgcpllc.com
Steve@lgcpllc.com

Lieberman, Gies & Cohen,
PLLC

30500 Northwestern Hwy.,
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

1

11-54484-mar   Doc 87   Filed 09/19/11   Entered 09/19/11 15:27:52   Page 1 of 34

## INTRODUCTION

Mahmoud S. Rahim and Raya H. Abdulhussain (the "Debtors") submit the following as their Combined Plan of Reorganization and Disclosure Statement. The format follows the Requirements for Information to Include in the Combined Plan and Disclosure Statement posted on the Court's website to the extent such requirements are applicable in the circumstances of this case.

## I. PLAN OF REORGANIZATION

### ARTICLE I
### DEFINITIONS

A. <u>Allowed</u> means when used in reference to a Claim or Interest, within a particular Class, an Allowed Claim or Allowed Interest of the type described in such Class.

B. <u>Allowed Claim</u> means a Claim, or any portion thereof:

1. That has been allowed by a final order of the Bankruptcy Court;

2. As to which a Proof of Claim has been timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, but only to the extent that such Claim is identified in such Proof of Claim in a liquidated and noncontingent amount, and either (i) no objection to its allowance has been filed within the period of limitation fixed by this Plan, the Bankruptcy Code, or by any order of the Bankruptcy Code, or (ii) any objection as to its allowance has been settled or withdrawn or has been denied or overruled by a Final Order;

3. As to which no Proof of Claim has been filed with the Bankruptcy Court and (i) which is Scheduled as liquidated in an amount other than zero and no contingent or disputed, but solely to the extent of such liquidated amount and (ii) no objection to its allowance has been filed by the Debtors, with the periods of limitations fixed by this Plan, the Bankruptcy Code, or by any order of the Bankruptcy Court; or

4. That is expressly allowed in a liquidated amount in this Plan.

C. <u>Claim</u> shall have the meaning as set forth in 11 U.S.C. §101 and include any right to payment, or right to an equitable remedy for breach of performance if such breach

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

2

gives rise to a right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

D.     Allowed Secured Claim shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to set off under 11 U.S.C. §553, to the extent of the value (determined in accordance with 11 U.S.C. §506(a)) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such set off, as the case may be.

E.     Allowed Unsecured Claim or Allowed General Unsecured Claims shall mean the Allowed Claim of a creditor that is not a Secured Claim or a Priority Claim, including, without limitation, any portion of a Claim to the extent the value of the holder's interest in property securing such Claim is less than the amount of the Claim, as determined pursuant to §506(a) of the Bankruptcy Code.

F.     Bankruptcy Code and/or Code shall mean the United States Bankruptcy Code, 11 U.S.C. §101 et.seq., and any amendments thereto.

G.     Class shall mean any class into which Allowed Claims are classified.

H.     Confirmation Date shall mean the date upon which the Order of Confirmation or the Alternative Plan is entered by the Court.

I.     Court shall mean the United States Bankruptcy Court for the state and district, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, and any court having competent jurisdiction to hear appeals or certiorari

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

3

proceedings relating thereto.

J.    <u>Debtors</u> shall mean Mahmoud S. Rahim and Raya H. Abdulhussain as the Debtors-in-Possession in this Chapter 11 case.

K.    <u>Creditor</u> shall mean any person or its assignee that holds a claim against the Debtors for debts, liabilities, or demand of whatever kind or character which arose prior to the Petition Date.

L.    <u>Disbursing Agent</u> shall mean the person or entity responsible for the tasks related to the payment of creditor's claims under the confirmed Chapter 11 Plan.

M.    <u>Effective Date</u> shall be the date upon which the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code becomes final and non-appealable, or in the event of an appeal, such date as the Court may set pursuant to a motion for stay of proceedings, which Debtors shall be required to file a prosecute.

N.    <u>Final Order</u> shall mean an order or a judgment of the Court which has not been stayed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

O.    <u>Person or Persons</u> shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof or other entity.

P.    <u>Petition Date</u> shall mean the date on which Debtors filed a voluntary Chapter 11 Petition, which was May 20, 2011.

Q.    <u>Plan</u> shall mean this Chapter 11 Plan of Reorganization in its present form or as may hereafter be amended, modified, or supplemented in accordance with the terms

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

4

hereof or in accordance with the Code.

R. <u>Priority Claim</u> means any Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code.

S. <u>Proof of Claim</u> means a proof of Claim filed against the Debtors in the Chapter 11 Case.

T. <u>Pro Rata</u> shall mean proportionately or according to a certain rate percentage or proportion based upon the whole of Allowed Claims in any given Class.

U. <u>Professional</u> means any Person retained in the Chapter 11 Case by Bankruptcy Court order pursuant to sections 327 and 1103 of the Bankruptcy Code or otherwise.

V. <u>Professional Claim</u> means an Administrative Claim of a Professional for compensation for services rendered or reimbursement of costs, expenses, or other charges and disbursements incurred relating to services rendered or expenses incurred after the Petition Date and Prior to and including the Effective Date.

W. <u>Reorganized Debtors</u> shall mean Debtors after the Effective Date. Furthermore, to the extent the Debtors are referenced in a post-confirmation capacity, Debtors shall have the same meaning as the Reorganized Debtors.

X. <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Eastern District of Michigan.

Y. <u>Scheduled</u> means, with respect to any Claim, the status, priority, and amount, if any, of such Claim as set forth in the Schedules.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

5

## ARTICLE II
## ADMINISTRATIVE AND PRIORITY CREDITORS

The administrative expenses of the Debtors' Chapter 11 case allowed pursuant to the Bankruptcy Code and each Allowed Claim entitled to priority pursuant to Section 507(a)(2) or (6) of the Code shall be paid in full on or before the Effective Date unless otherwise ordered by the Court, or upon such other terms as may be agreed upon by the holder of such allowed expense or Allowed Claim and the Debtors. Where required by the Code and upon approval by the Court, Debtors shall pay all administrative expenses on a current basis. These claims shall be unimpaired.

## ARTICLE III
## DESIGNATION OF CLASSES OF CLAIMS
## AND THEIR TREATMENT UNDER THE PLAN

A.    Division of Creditors into Classes:

For the purposes of satisfaction of all claims and interests against the Debtors, claims are divided into the following classes:

Class I – Administrative and Priority Claims.

Class II – Secured Creditors. All creditors with perfected security interests in the assets of the Debtors' estate, as more particularly described in Section 506(a).

Class III – Unsecured Claims. All unsecured claim of every nature and kind including, but not limited to, claims arising out of the rejection of executor contracts and all claims resulting from an under-secured status.

B.    Treatment of Claims and Interests:

Class I:  Administrative and Expense Claims.

The administrative and expense claims consist of:

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

6

1. Lieberman, Gies & Cohen, PLLC, the attorneys for the Debtors, will have an administrative and expense claim approximating $25,000 - $35,000.00, subject to Court approval. This claim will be paid based upon agreement with the Debtors after fees are approved. These will be paid prior to unsecured debt.

2. Blunden & Associates, PC, will have an administrative and expense claim approximating $10,000.00, subject to court approval. This claim will be paid based upon agreement with the Debtors after fees are approved. These will be paid prior to unsecured debt.

3. The United States Trustee's Office will have an administrative and expense claim for any unpaid fees due and owing through the course of administration. The Debtors are obligated to pay quarterly fees to the United States Trustee until the Chapter 11 Case has been converted, dismissed or closed by the Court, pursuant to 28 U.S.C. § 1930(a)(6)

Class II – Secured Claims.

1. <u>Nationstar Mortgage, LLC</u>. Nationstar Mortgage, LLC, as assignee of First Horizon Home Loan Corporation holds a first mortgage lien in the amount of $1,650,000, as of May 20, 2011, relative to real property located at 1527 Cliffwood, Bloomfield Hills, MI 48302. Additional interest has accrued. The property securing the claim shall be surrendered to Nationstar Mortgage, LLC in full satisfaction of its claim. This creditor is entitled to vote on the Plan.

**This class is impaired.**

2. <u>H & R Block Bank</u>. H & R Block Bank asserts a first mortgage lien in the amount of $567,133, as of May 20, 2011, relative to real property located at 7117 Pelican Bay Blvd., Unit 1508, Naples, Florida 34108. Additional interest has accrued. The property securing this claim is valued at $600,000. The property securing the claim of H & R Block Bank shall be surrendered to H & R Block Bank in full satisfaction of its claim.

LIEBERMAN, GIES & COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

7

This creditor is entitled to vote on the Plan.

**This class is impaired.**

3.   Branch Banking & Trust Company.   Branch Banking & Company, assignee of Colonial Bank, asserts a second mortgage position in the amount of $321,772.20 as of May 20, 2011, relative to property located at 7117 Pelican Bay Blvd., Unit 1508, Naples, Florida 34108.   Additional interest has accrued.   The property securing this claim is valued at $600,000.   The claim is believed to be fully under secured and is impaired. This obligation is not being paid and is not current.   Debtors intend to treat the entire balance as fully unsecured.   Based upon the fact that the collateral securing this claim is insufficient to cover this obligation, this claim shall be treated as and considered as a fully unsecured Class III creditor.   This creditor is entitled to vote on the Plan.

**This class is impaired.**

4.   Club Raphael at Pelican Bay.   Club Raphael at Pelican Bay holds an impaired claim secured by real property located at 7117 Pelican Bay Blvd., Unit 1508, Naples, Florida   34108.   The property securing this claim is valued at $600,000.   The claim is fully under secured and is impaired. This obligation is not being paid and is not current.   Debtors intend to treat the entire balance as fully unsecured. Based upon the fact that the collateral securing this claim is insufficient to cover this obligation, this claim shall be treated as and considered as a fully unsecured Class III creditor.   This creditor is entitled to vote on the Plan.

**This class is impaired.**

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

8

5.    BMW Bank of North America.   BMW Bank of North America asserts a first priority security interest in the amount of $4,672, secured by a purchase money lien on a 2010 BMW vehicle.   BMW Bank of North America shall be paid consistent with the underlying loan agreement.   Associated Physicians shall continue to make the monthly payments on this claim and shall not have any effect on Debtors' Plan.   **This Class is not impaired.**

Class III:   Allowed General Unsecured Claims.   This class consists of all filed general unsecured claims and the unsecured portion of secured claimants.     A summary is attached hereto as part of Exhibit "B".   Based upon Debtors' bankruptcy schedules, there are approximately 24 holders of unsecured claims totaling approximately $5,828,283

In the event any creditor purportedly possesses a Class III claim fails to timely file a Proof of Claim, then such creditor shall not be entitled to participate in this Plan or receive a distribution as a Class III claimant under the Plan.

A creditor in this class shall receive a pro rata distribution incident to its allowed general unsecured claim based on monthly payments to be made by Debtors in the amount of $5,430 for sixty (60) consecutive months.   The first payment shall be due on the later of November 1, 2011, or the Effective Date of the Plan

In addition, should the Debtors be successful with selling the Real Property located at 4885 Fairview Court, West Bloomfield, MI, prior to the expiration of the redemption period following the sheriff's sale on April 12, 2011, additional funds of approximately $20,000 will be added to the funds available in Debtors' Plan of Reorganization.

Interest shall not accrue on the Allowed Unsecured Claims.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

9

Any creditor receiving five percent (5%) of its Allowed General Unsecured Claim on or before December 31, 2011 shall receive no further distribution ("Percentage Distribution"). In the event any creditor purportedly possessing a Class III claim fails timely to file a Proof of Claim, such party shall possess no allowed Class 7 claim and not be entitled to a distribution as a Class III claimant under the Plan.

Debtors' plan payment is predicated upon Associated Physicians receiving gross revenue of $780,000 for a calendar year, or $195,000 per quarter. To the extent that the gross revenue received by Associated Physicians exceeds $250,000 for a consecutive three month period, Debtors will then increase their monthly payment from $5,430 per month to $6,800 per month for the following quarter.

These creditors are entitled to vote on the Plan.

**This Class is impaired.**

### ARTICLE IV
### EXECUTION AND PLAN IMPLEMENTATION

A.      <u>Professional Fees</u>: Any services performed or expenses incurred by any professional on behalf of the Debtors or the Reorganized Debtors with respect to this Case after the Confirmation Date, shall not be subject to the prior review and approval of the Bankruptcy Court and, notwithstanding any provision of the Bankruptcy Code or Rules, including, without limitation, Fed. R. Bankr. P. 2016, after the Confirmation Date, no professional shall be required to disclose payments from the Debtors or the Reorganized Debtors to the Bankruptcy Court or the United States Trustee. All fees and expenses arising after the Confirmation Date shall be billed directly to the Reorganized Debtors and the Bankruptcy Court shall only review that portion to which the Reorganized Debtors

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

10

object. The Reorganized Debtors shall pay the portion not objected to in accordance with the terms of the invoice.

B.    Change of Address.    In order to ensure that it receives its distribution, each Creditor holding a Claim treated under any Class must advise the Reorganized Debtors of any change in address. Absent any such notification, the Reorganized Debtors will send payments to the addresses listed on the Matrix on file with the Bankruptcy Court. If the Reorganized Debtors do not receive notice of any change of address, it shall be under no obligation to pay the amounts due under the Plan.

C.    Released and Retained Claims and Causes of Action. If this Plan of Reorganization is accepted by all impaired Classes of Creditors, then all causes of action which the Debtors could initiate under §§547 through 553 of the Bankruptcy Code are hereby expressly waived and released, except for any action to avoid or strip a lien for any reason, which right is specifically retained by the Debtors. Debtors will seek confirmation on a cramdown basis under §1129(b), if necessary.

D.    Means for Execution of Plan.    The Debtors shall generate the funds necessary for the execution of this Plan through post-petition earnings of the Reorganized Debtors.

## ARTICLE V
## EFFECT OF CONFIRMATION

A.    Discharge.    In the case of an individual debtor, 11 U.S.C. §1141(d)(5)(A) states that "unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan."

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

11

B.    Injunction: On or after the Confirmation Date, all Creditors and persons acting in concert with them are enjoined and restrained, pursuant to §105 of the Code, directly or indirectly, from levying, seizing, executing or otherwise exercising control over or interfering with any assets of the Debtors in a manner inconsistent with the terms of this Plan, for the purpose of paying or enforcing any claim against Debtors. The Court retains jurisdiction to enter such supplemental injunctive and enforcement orders as may be necessary or appropriate to protect assets of the Debtors from treatment in a manner inconsistent with this Plan.

C.    Title of Assets:   Except as otherwise provided in the Plan, on the Confirmation Date, title to all assets and properties of the estate of the Debtors shall vest in the Debtors in accordance with §1141 of the Bankruptcy Code, free and clear of all Claims of Creditors and holders of Interests.

**ARTICLE VI**
**EXECUTORY CONTRACTS**

Debtors are parties to Operating Agreements relative to their professional medical practice and the real estate entities, which shall be assumed.   All other executory contracts and unexpired leases, not previously assumed, are hereby rejected. Parties to any rejected executory contracts shall have Fifteen (15) days after the Confirmation Date in which to file their claims for damages resulting from the rejection.   Allowed claims of this group and claims that the Court has allowed over the objections of the Debtors shall become part of **Class III**.   In the event any such Claim is not filed timely, the untimely Claim shall be disallowed in its entirety. The Reorganized Debtors may file an objection to any Proof of Claim.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

12

## ARTICLE VII
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of the case until the Plan has been fully consummated for the purposes set forth below:

a.    To allow and disallow claims not allowed or disallowed prior to confirmation.

b.    To hear and determine any controversy pending as of the date of confirmation before this Court and for the purpose of granting any Injunction or any other relief (including damage awards) as may be necessary or desirable to effectuate the purposes of the Plan.

c.    To estimate claims pursuant to 11 U.S.C. §502(c), enter final orders on objections to claims and to determine the validity, priority, or extent of a lien or other interest in property under F.R.Bankr. P. 7001.

d.    If requested by any interested party, to enter Orders allowing compensation to persons so entitled to receive compensation pursuant to the Bankruptcy Code.

e.    To modify the Plan pursuant to provisions of 11 U.S.C. §1127.

f.    For such other matters as may be set forth in the Order of Confirmation.

g.    In the event an appeal is perfected from the Order Confirming Plan, to enter such Orders regarding the disbursement of funds under the Plan or other matters as may be necessary to protect the interests of the Reorganized Debtors and their creditors.

h.    The classification of the claim of any creditor and the re-examination of the claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to a creditor's claim. The failure of the Debtors to object to, or to examine any Claim for the purposes of voting, shall not be deemed to be a waiver of the

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

13

Debtors' right to object to or re-examine the Claim in whole or in part.

    i.      The determination or allowance of compensation to those persons so entitled to receive compensation for services rendered prior to the Confirmation Date pursuant to the Bankruptcy Code.

    j.      The determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, claims, controversies, disputes or conflicts, whether or not subject to an action pending as of the Confirmation Date, between the Debtors and any other party.

    k.      The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or in the order of confirmation as may be necessary to carry out the purposes and intent of the Plan.

    l.      The enforcement and interpretation of the terms and conditions of this Plan.

    m.      The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtors, Reorganized Debtors and any creditor.

    n.      Determination of whether a default has occurred under this Plan, and the making of such orders as the Bankruptcy Court deems necessary to enforce the provisions of this Plan, including, but not limited to, ordering a modification of the Plan, and ordering the conversion of this Chapter 11 proceeding to a Chapter 7 proceeding.

    o.      To hear and determine controversies brought under Chapter 5 of the Bankruptcy Code, including preference and fraudulent conveyances, and such claims arising pre-petition/pre-confirmation of which Debtors have retained standing postconfirmation.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

14

p.      To hear any adversary proceedings pursued under F.R. Bankr. P. 7001, et. seq. .

q.      To enter a final decree closing the Case.

**ARTICLE VIII**
**CONTESTED CLAIMS AND CONTESTED**
**EQUITY INTERESTS AND RETAINED CLAIMS**

A.      <u>Objections to Claims to be Filed after Confirmation Date.</u>   The Debtors may object to the allowance of any Claim, or the extent, validity and enforcement of any security interest, whether listed on the Schedules filed by the Debtors or filed by any Creditor, on or before the later of (a) sixty (60) days from the date of filing any Proof of Claim or (b) sixty (60) days after the Confirmation Date,

B.      <u>Payment Upon Resolution of Contested Claims.</u>   Except as may otherwise be agreed with respect to any Claims, no payments or distributions shall be made with respect to all or any portion of a contested Claim unless and until all objections to such contested Claim has been determined by a Final Order. Payments and distributions to each holder of a contested Claim, to the extent that it ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan with respect to the class of creditors to which the holder of such an Allowed Claim shall be made as soon as practicable after the date that the order or judgment of the Court allowing such claim is a Final Order.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

15

## ARTICLE IX
## VESTING OF PROPERTY

Except to the extent provided in the Plan or in the Order of the Court confirming the Plan, upon the Confirmation Date, Debtors shall be vested with title to all property of the estate and all claims or causes of action arising under the Code in favor of Debtors.

Debtors reserves the right to institute litigation (or pursue rights in an administrative proceeding) for claims arising pre-petition/pre-confirmation. Any aforementioned claims set forth by Debtors should not be construed to limit any other potential causes of action arising pre-petition/pre-confirmation which Debtors may bring post-confirmation against any other party.

## ARTICLE X
## MODIFICATION OF PLAN

The Plan may be modified at any time after confirmation of the Plan but before completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the Debtors, the trustee, the United States trustee, or the holder of an allowed unsecured claim, to:

1. increase or reduce the amount of payments on claims of a particular class provided for by the plan;

2. extend or reduce the time period for such payments; or

3. alter the amount of the distribution to the creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of such claim made other than under the Plan.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

16

## ARTICLE XI
## EFFECTIVE DATE OF PLAN

A.      This Plan shall be effective on the eleventh (11th) day after the date of the Order confirming the Plan; provided, however, that no stay pending appeal of the Order of Confirmation has been granted.   In the event such an appeal is filed and stay granted, this Plan shall be effective as of the date the Order of Confirmation becomes final and binding on all parties. Should an appeal be taken in this case, Debtors shall be required to seek a stay pending appeal.

B.      Confirmation of the Plan will make the Plan binding upon the Debtors, Creditors and other parties in interest, regardless of whether they have accepted the Plan. Such Creditors shall be prohibited from receiving payment from or seeking recourse against the Debtors, except as expressly provided for in the Plan or the confirmation order. In addition, confirmation of the Plan shall enjoin such parties from pursuing any claim, liability, interest or right that arose prior to the Confirmation Date. Confirmation of the Plan shall also operate as a discharge of all claims against and interests as set forth in 11 U.S.C. §1141(d), except as otherwise provided in the Plan.

## ARTICLE XII
## COSTS AND EXPENSES INCURRED AND UNPAID, OBLIGATIONS OF THE DEBTORS IN POSSESSION

The Debtors shall assume and agree to pay, when due, all obligations of the Debtor-in-Possession.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

17

## ARTICLE XIII
## UNITED STATES TRUSTEE FEES

All United States Trustee fees due at the time of confirmation of this Plan shall be paid within ten (10) days of confirmation.   As such, Debtors shall pay to the United States Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6). After confirmation, and until the Case is closed by the Court, Debtors and the Reorganized Debtors shall pay all post-confirmation fees on all disbursements of the Debtors and the Reorganized Debtors, and shall follow all procedures of the United States Trustee for reporting and tracking such disbursements.

## ARTICLE XIV
## REMEDIES AND RIGHTS

Upon the failure of the Debtors to make any payment due on a claim which is not cured within thirty (30) days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief in this Court.

## ARTICLE XV
## RESERVATION OF CLAIM OBJECTION RIGHTS

Debtors herein reserves the right to object to any filed claim for a period of sixty (60) days from the date that the Order Confirming Plan of Reorganization is entered.

## ARTICLE XVI
## MANDATORY RETIREE PROVISION

Debtors have no retiree benefit plans which must comport with 11 USC §1129(13).

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

18

## ARTICLE XVII
## MISCELLANEOUS PROVISIONS

a.     In the event the holder of any Claim shall transfer such Claim after the Confirmation Date, it shall immediately advise the Debtors and Debtors' Counsel, in writing, of such transfer and the aforementioned parties shall be entitled to assume that no transfer of any Claim has been made by any holder unless and until it shall have received written notice of such transfer. Each transferee of any claim shall take such claim subject to the provisions of the Plan and any requests made, waiver or consent given or other action taken hereunder and, except as otherwise expressly provided in the notice, the Debtors shall be entitled to assume conclusively that the transferee named in such notice shall thereafter be vested with all rights and powers of the transferor under the Plan.

b.     The rights and obligations of any entity or person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity or person.

c.     The making and delivery of any instruments of transfer to or from the Debtors pursuant to this Plan, including deeds and articles of transfer shall not be taxed under any law imposing a stamp, as provided in 11 U.S.C. §1146(c).

d.     Neither the Debtors, nor the Reorganized Debtors, are prohibited from leasing or purchasing real or personal property.

e.     A Claim is classified in a particular class only to the extent that the Claim qualifies within the description of the class and is classified in a different class to the extent the Claim qualifies within the description of that different class. If a Claim is acquired or transferred, the Claim shall be placed in the class in which it would have been placed if it

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

19

were owned or held by the original claimant or holder.

     f.     Except to the extent that the United States Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Michigan.

     g.     Unless otherwise instructed in writing, Notices to the Reorganized Debtors under this Plan shall be mailed to:

Counsel for the Reorganized Debtor:     Lieberman, Gies & Cohen, PLLC
Attn: Steven J. Cohen, Esq.
30500 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
Steve@lgcpllc.com

Reorganized Debtors:     Mahmoud Rahim and Raya Abdulhussain
c/o 10066 Dix Ave.
Dearborn, MI 48120

     h.     Individual Chapter 11 Debtors do not receive a Discharge until they have completed all payments under the Plan. (11 U.S.C. §1141(d)(5)). Debtors will request a Discharge upon making the final payments.

     i.     After confirmation, Debtors shall request the Bankruptcy Court to close the case before discharge, subject to reopening for entry of a discharge upon the completion of plan payments.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

20

## II.    DESCRIPTION OF DEBTORS AND CHAPTER 11 REORGANIZATION FILING

On May 20, 2011, Mahmoud S. Rahim and Raya H. Abdulhussain (the "Debtors") filed a Petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code" or "Code") in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division ("the Court"), Bankruptcy Case No. 11-54484-SWR. The case was assigned to the Honorable Steven W. Rhodes.

Upon filing the Petition, Debtors became "Debtors-in-Possession" as that term is defined in the Code. Debtors are represented by the law firm of Lieberman, Gies & Cohen, P.L.L.C. ("Debtors' attorney"). Furthermore, Debtors have employed the accounting firm of Blunden & Associates, P.C. ("Debtors' C.P.A.").

There is no Official Unsecured Creditor's Committee appointed in this case.

The Debtors are individual Debtors as set forth in 11 U.S.C. §101(13). The Debtors are practicing physicians with Associated Physicians of Southeast Michigan, P.C. ("Associated Physicians"), a medical practice operating in Dearborn, Michigan, in which the Debtors are the sole shareholders. The Debtors' individual trusts[1] are the sole members of Ali-Zane Properties, LLC, a Michigan limited liability company that owns the commercial building where Associated Physicians operates its medical practice. The Debtors are also the sole members of Management Leasing Services, LLC, a commercial real estate management company that manages the one commercial property owned by Ali-Zane Properties, LLC. The Debtors receive income from their medical practice.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

---

[1]  Mahmoud S. Rahim Trust dated November 22, 2002 and Raya H. Hussain Trust dated November 22, 2002.

21

Additionally, Debtors' have various personal property as more fully described in Debtors' Schedules (on file with the Bankruptcy Court).

## A.    Annual Revenue, Management and Compensation:

The Debtors' estimated revenue is disclosed on Debtors' Forecasted Statements Monthly Income and Expenses attached as Exhibit D-1.  The Debtors' estimated business revenue is disclosed on Debtors' Forecasted Statements Monthly Income and Expenses attached as Exhibit D-2.  There are two business expenditures that might impair the ability of the Debtors to meet their obligations under the Plan.  Both expenditures pertain to financing with The Huntington National Bank regarding a business loan which becomes due in July of 2012 and a commercial mortgage with a balloon payment due in August of 2013.  Debtors anticipate that both business expenditures will be renegotiated or Debtors will obtain new financing prior to when the respective loans become due.

The Debtors are proposing a plan of reorganization and do not intend to liquidate.

## B.    Insider Transactions (Transfers from Debtors to Insider)

The Debtors have no insider transfers that are reportable in this Plan.

## C.    Legal Relationships

The Debtors are guarantors of certain legal obligations of Associated Physicians of Southeast Michigan, P.C., and Ali-Zane Properties, LLC. These obligations include a Huntington National Bank loan and Huntington National Bank commercial mortgage.

## D.    Facts and Factors Causing the Chapter 11

Debtors' bankruptcy filing stems from their purchase and operation of various commercial properties in the Naples, Florida area. Debtors' investments in these

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

22

properties involve bank financing to which Debtors provided personal guarantees. These commercial properties included office buildings and strip centers. Unfortunately, due to the downturn in the economy and the loss of existing tenants, Debtors were unsuccessful in maintaining those properties. Ultimately, the banks foreclosed on the properties and pursued Debtors on the guarantees.

Over this time period, the Debtors were named defendants in various lawsuits relating to the various investments. Default judgments were obtained which resulted in enforcement proceedings. The debts are significant and the claims are numerous.

On May 27, 2010, Debtors filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 10-57577-swr (the "Chapter 7 bankruptcy"). On December 16, 2010, the Court dismissed the Chapter 7 bankruptcy under 11 U.S.C. §707(a).

While Debtors were hoping to avoid the filing of this Chapter 11 bankruptcy, one particular creditor, Law Offices of Samantha Stevins, P.A. ("Judgment Creditor") obtained an out of state judgment (which was domesticated in Michigan) against the Debtors and is owed approximately $128,726. On May 11, 2011, Judgment Creditor obtained an Order Granting [Judgment Creditor's] Motion for Proceedings Supplementary to Judgment in the Oakland County Circuit Court granting the following relief:

| | |
|---|---|
| A. | Permitting a Court Officer to enter Debtors' home to seize property for satisfaction of the judgment; |
| B. | Appointing a receiver; and |
| C. | Ordering Debtors to turn over the books and records of Debtors' businesses for liquidation, notwithstanding that this Creditor has no judgment against Debtors' businesses. |

LIEBERMAN, GIES & COHEN, PLLC

30500 Northwestern Hwy. Suite 307 Farmington Hills, MI 48334

(248) 539-5500

23

While Debtors attempted to settle Judgment Creditor's claim, Debtors were unsuccessful. Therefore, Debtors filed their Chapter 11 Case on May 20, 2011, in an effort to reorganize their business affairs and address of the claims in the Bankruptcy Court. Given the amounts owing to the various Creditors, the actions taken by Judgment Creditor and Debtors' sole source of income derived from their medical practice, this Chapter 11 is in the best interest of the Creditors.

## III.   POST-PETITION EVENTS OF SIGNIFICANCE

Since the filing of the Chapter 11 Petition, the following events and matters have occurred:

1.      Debtors are surrendering their interest in certain real property located at 7117 Pelican Bay Blvd., Unit 1508, Naples, Florida.   At the time of Debtors' bankruptcy filing, they believed that the fair market value of this property was $600,000.   The secured debt on this property exceeds $817,000.

2.      Debtors are surrendering their interest in certain real property located at 1527 Cliffwood Road, Bloomfield Hills, Michigan.   At the time of Debtors' bankruptcy filing, they believed that the fair market value of this property was $600,000.   The secured debt on this property exceeds $1,650,000, not including a Judgment Lien filed against this property by Pacifica Loan Four, LLC.

### A.     Transfers Post-Petition

There have been no post-petition transfers to pre-petition unsecured (general or priority) creditors during the course of the bankruptcy other than payments made by Debtors in the ordinary course of their affairs, such as the payment of utilities and other household expenses.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

24

**B.      Summary of cash collateral, post-petition financing and adequate protection order**

Cash Collateral was not an issue in this case, and there has been no cash collateral order(s) entered in this case. Further, there are no adequate protection payments being paid by Debtors directly.

As to post-petition financing, Debtors had guaranteed payments of all amounts due and owing by Associated Physicians to The Huntington National Bank, including a Promissory Note dated July 15, 2010, which is a renewal of past notes. Variable interest rate is LIBOR plus 4.28%. The Promissory Note became due on July 15, 2011. The Huntington National Bank agreed to renew the loan to Associated by having a new note executed in the principal amount of $166,937, with the same previous interest rate. The new note will mature on July 15, 2012. Associated will make monthly payments of $4,963.43 based on a 36 month amortization. A balloon payment will be due at maturity. The new Note will contain a covenant requiring the Debtors to reaffirm their guaranties of the Huntington Bank mortgage and the new note in their bankruptcy case.

**C.      Explanation of any litigation during the case.**

There has been no litigation during this case. There was pre-petition litigation against the Debtors that involved the collection of outstanding Judgments, which were stayed upon the filing of Debtors' bankruptcy petition.

Debtors reserve their right under the Plan to commence any litigation (or pursue rights in an administrative proceeding), that they believe would result in a benefit to the Post-confirmation Reorganized Debtor.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

25

## IV.   ASSETS AND LIABILITIES

Debtors' Liquidation Analysis is attached as Exhibit A.

Based upon the Liquidation Analysis set forth in Exhibit A, Debtors believes that liquidation would result in a substantially smaller distribution to every class of their creditors, aside from secured creditors and payment of administrative claimants than the proposed treatment set forth in the Plan.   Debtors believe that general unsecured creditors would not receive a distribution in a liquidation proceeding.   The values placed thereon and summarized herein are the Debtors' best estimates of the current values of the property.   These values might differ from values placed on the property at the time of the filing of the Petition for Relief and the schedules.

### A.   Administrative Priority Claims

Priority claims are those claims entitled to payment under the provisions of the Bankruptcy Code as set forth in 11 U.S.C. §507.   At the time of preparation of this Combined Plan and Disclosure Statement, it appeared that these claims will consist of the following:

| Entity | Amount | Priority Statute |
|---|---|---|
| Lieberman, Gies & Cohen, P.L.L.C. | $35,000 (approx.) | 11 U.S.C. §507(a)(2) |
| Blunden & Associates, P.C. | $10,000 (approx.) | 11 U.S.C. §507(a)(2) |

### B.   Secured Claims

| Entity | Claim Amount |
|---|---|
| Nationstar Mortgage, LLC, as assignee Of First Horizon Home Loan Corporation (Mortgage – 1527 Cliffwood Rd., W. Bloomfield, MI) | $1,698,635.57 |
| H & R Block Bank (Mortgage – 7117 Pelican Bay Blvd., Unit 1508 | $567,133 |

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

26

Naples, FL)

BMW Bank of North America                                    $4,672

TOTAL:                                                       $2,270,440.57

In addition, several creditors were identified as unsecured may consider themselves secured as a result of mortgages they held on several parcels of property which are in various stages of foreclosure or surrender. The Debtors do not consider these creditors secured as they no longer have possession of or the intent to retain the property.

## C.    **Priority Unsecured Claims**

The Debtors do not have any priority unsecured claims.

## D.    **Non-Priority Unsecured Claims**

As of the time of the filing, Debtors' Non-Priority Unsecured Claims total approximately $6,705,239.05.  This estimated amount includes contingent, unliquidated and disputed claims.  A list of general unsecured creditors, the approximate amounts owing and payment amounts (total payment amount by creditor and monthly payment amounts) is attached as Exhibit B.

## E.    **Guaranteed Debt**

**1.    The Huntington National Bank.**   Debtors guaranteed payments of all amounts due and owing by Associated Physicians to Huntington National Bank, including a Promissory Note dated July 15, 2010, which is a renewal of past notes.   The variable interest rate is LIBOR plus 4.280%.   The amount of the debt is approximately $166,937.   The collateral securing the debt are the assets of Associated Physicians with a current market value of $41,891. Huntington National Bank agreed to renew the loan to Associated by having a new note executed in the principal amount of $166,937, with the same previous interest rate. The new note will mature on July 15, 2012. Associated will make monthly payments of $4,963.43 based on a 36 month amortization.   A balloon payment will be due at maturity.   The new Note will contain a covenant requiring the Debtors to reaffirm their guaranties of the Huntington Bank mortgage and the new note in their bankruptcy case.

27

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

**2.** **The Huntington National Bank.** Debtors guaranteed payments of all obligations owed by Ali-Zane Properties, LLC to Huntington National Bank, including payment under a Promissory Note dated August 18, 2008, which is a renewal of past notes. The variable interest rate is LIBOR plus 1.81%. The amount of the debt is approximately $472,762. The collateral securing the debt is the real property located at 10066 Dix, Dearborn, MI, with a current market value of $300,000.

## V.  PLAN IMPLEMENTATION

### A.  Financial

The Debtors have attached, as Exhibit C, their Income Statements for the post-Chapter 11 months from May 2011 through August 2011. It consists of the balance sheets and operating statements that have been (or will be) filed with the Bankruptcy Court and the Office of the U.S. Trustee.

The Debtors have also attached, as Exhibit E their operating statements for the years ended December 31, 2008, 2009 and December 31, 2010.

The Debtor has attached, as Exhibit D-2, forecasted statements of cash flow and forecasted statements of Plan payments for the years 2011, 2012, 2013, 2014 and 2015 which encompass the implementation of the Reorganization Plan. The financial projections are based on and assume the successful implementation of the plan. The average income for past years was analyzed and adjusted to reflect the activity that would occur without the constraints encountered just prior to bankruptcy.

The projections assume a generally stable environment and no significant change in competitive conditions under which Debtors practices medicine.

The liquidation analysis set forth in Exhibit A and previously outlined above, indicates that if the Debtors assets were liquidated today, there would be insufficient

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

28

assets available to satisfy priority unsecured creditors or pay any dividend to general unsecured creditors.

## B. Risks and Assumptions

The risks, conditions and assumptions regarding the stated values for the real properties are not relevant insomuch that the real properties are being surrendered and there is no equity available due to the secured debt exceeding the current values of the real properties. There is an assumption by the Debtors is that the income generated by Physicians Associates will not decrease, although there has been a steadily decrease in income for the last 3 years.

## C. Potential Claims and Causes of Action

There is a potential preference action against Pacifica Loan Four LLC as a result of the prepetition garnishment of wages within the ninety (90) day period prior to Debtors' filing their Chapter 11 bankruptcy. The garnished amount was $7,076.20. However, due to the fact that Pacifica Loan Four LLC is the largest unsecured creditor, pursuing the preference action to which Pacifica Loan Four LLC would inevitably receive most of the recovery, coupled with the costs associated with pursuing such action, Debtors do not intend to pursue such a claim. Other than this potential preference action, there does not appear to be any other potential claims or causes of actions, including claims against insiders or avoidance actions.

## D. Priority Claims and Anticipated Administrative Expense Claims

There are no priority claims.

LIEBERMAN, GIES & COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

The administrative expenses of the Debtors' Chapter 11 case allowed pursuant to Section 503(b) of the Code and each Allowed Claim entitled to priority pursuant to Section 507(a)(2) or (6) of the Code shall be paid in full on or before the Effective Date unless otherwise ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such allowed expense or Allowed Claim and the Debtor. Where required by the Code and upon approval by the Court, Debtors shall pay all administrative expenses on a current basis. The administrative claims include the following:

A. Legal Fees. This class consists of the law office of Lieberman, Gies & Cohen, PLLC, counsel for the Debtors. This claim is subject to court approval and is expected to be in the range of $25,000-$35,000. The claim will be paid based upon agreement with the Debtors after fees are approved. These will be paid prior to unsecured debt.

B. Accounting Fees. This class consists of Blunden & Associates, P.C., accountants for the Debtors. This claim is subject to court approval and is expected to be in the range of $5,000-$10,000. The claim will be paid based upon agreement with the Debtors after fees are approved. These will be paid prior to unsecured debt.

C. United States Trustee Fees. The Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6). After confirmation, the Reorganized Debtors shall file with the Bankruptcy Court and the United States Trustee a quarterly post confirmation report, in the format specified by the United States Trustee, for each quarter that the case remains open. The United States Trustee's quarterly fee shall be calculated on all disbursements made by the Reorganized Debtors, whether pursuant to the plan or not, until the case is closed, converted to Chapter 7 or dismissed. The Bankruptcy Court shall retain jurisdiction to decide any post confirmation dispute concerning the United States Trustee's quarterly fees. The Debtor anticipates seeking to close this case after the Court has confirmed the Plan, and the single payment required on the Effective Date is made.

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

30

## E. Tax Ramifications

Debtors will qualify for Discharge of Indebtedness pursuant to Sec. 108 of the Internal Revenue Code. All unpaid debts of Debtors will not be considered cancellation of debt income and thus not taxable. If Debtors have any tax attributes such as net operating losses carry forward, tax credits, capital losses carry forward or book value in remaining fixed assets, these attributes will be reduced accordingly to the debts discharged.

## VI. LEGAL REQUIREMENTS

### A. Voting Procedures

Under Bankruptcy Code, the only classes entitled to vote to accept or reject a Plan are classes of claims, or equity interest, impaired under the Plan. Accordingly, classes of claims or interests that are not impaired are not entitled to vote on the Plan.

Creditors that hold claims in more than one impaired class are entitled to vote separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballot received and file multiple ballots.

Votes on the Plan will be counted only with respect to claims: (a) listed on the Debtor's Schedules of Assets and Liabilities other than as disputed, contingent or unliquidated; or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claim (except for certain claims expressly excluded from that bar date or which are allowed by Court order). However, any vote by a holder of a claim will not be counted if such claim has been disallowed or is the subject of an unresolved

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

31

objection, absent an order of the Court allowing such claim for voting purposes pursuant to 11 USC §502 and Bankruptcy Rule 3018.

Voting on the Plan by each holder of a claim or interest in an impaired class is important. After carefully reviewing the Plan and Disclosure Statement, each holder of such a claim or interest should vote on the enclosed ballot either to accept or to reject the Plan, and then return the ballot by mail to the Debtors' Attorney by October 24, 2011, the deadline previously established by the Court.

Any ballot that does not appropriately indicate acceptance or rejection of the Plan will not be counted.

A ballot that is not received by October 24, 2011 will not be counted.

If a ballot is damaged, lost or missing, a replacement ballot may be obtained by sending a written request to the Debtors' attorney.

All creditors entitled to vote on the Plan may cast their ballots for or against the Plan by completing, dating, and signing the Ballot for Accepting or Rejecting the Plan (the "Ballot") provided by Debtors. **The filing may be accomplished either in person or by mailing the Ballots to the address indicated on the Ballot which is to Steven J. Cohen, Esq., Lieberman, Gies & Cohen, P.L.L.C., 30500 Northwestern Hwy., Ste. 307, Farmington Hills, MI 48334. The deadline to return ballots on the Plan, as well as file objections to final approval of the disclosure statement and objections to confirmation of the plan is October 24, 2011.**

### B. Acceptance

The Bankruptcy Code defines acceptance of a Plan by an impaired class of claims as acceptance by the holders of at least two-thirds in dollar amount, and more than

LIEBERMAN, GIES & COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

32

one-half in number, of the claims of that class that actually cast ballots. The Bankruptcy Code defines acceptance of a Plan by an impaired class of equity interests as acceptance by holders of at least two-thirds in number of the equity interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the Plan.

## C. **Confirmation**

11 U.S.C. § 1129(a) establishes conditions for the confirmation of a Plan. These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process.

Among the several conditions for confirmation of a Plan under 11 U.S.C. § 1129(a) are these:

1. Each class of impaired creditors and interest must accept the Plan, as described in paragraph VI.B., above.

2. Either each holder of a claim or interest in a class must accept the Plan, or the Plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code.

## D. **Modification**

The Debtors reserve the right to modify or withdraw the Plan any time before confirmation.

## E. **Effect of Confirmation**

If the Plan is confirmed by the Court:

1. Its terms are binding on the Debtors, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the Plan.

2. Except as provided in the Plan:

LIEBERMAN, GIES & COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

33

(a)  In the case of a <u>corporation</u> that is reorganizing and continuing business:

   (1)  All claims and interests will be discharged.
   (2)  Creditors and shareholders will be prohibited from asserting their claims against or interest in the debtor or its assets.

(b)  In the case of a <u>corporation</u> that is liquidating and not continuing its business:

   (1)  Claims and interests will not be discharged.
   (2)  Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.

(c)  In the case of an individual or husband and wife:

   (1)  Claims will be discharged, except as provided in 11 USC §§523 and 727(a).

   (2)  Creditors will be prohibited from asserting their claims except as to those debts which are not discharged or dischargeable under 11 USC §§523 and 727(a).

By: /s/    *Mahmoud S. Rahim*
Mahmoud S. Rahim

By: /s/    *Raya H. Abdulhussain*
Raya H. Abdulhussain

Respectfully submitted

LIEBERMAN, GIES & COHEN, PLLC

By: /s/    *Steven J. Cohen*
Steven J. Cohen (P45140)
Attorneys for Debtors
30500 Northwestern Hwy., Ste. 307
Farmington Hills, MI   48334
(248) 539-5500
Steve@lgcpllc.com

LIEBERMAN, GIES &
COHEN, PLLC

30500 Northwestern Hwy.
Suite 307
Farmington Hills, MI 48334

(248) 539-5500

Dated:   September 19, 2011

34