# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:                                              Case No. 11-54484
Mahmoud S. Rahim and                                Chapter 11
Raya H. Abdulhussain                                Hon. Steven W. Rhodes
Debtors.
_____/

### OBJECTIONS OF LAW OFFICES OF SAMANTHA STEVINS, P.A. TO DEBTORS' COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**NOW COMES**, Law Offices of Samantha Stevins, P.A., a creditor in the above captioned case ("Stevins"), through its cocounsel, Hertzberg, P.C., submits the following Objections to Debtors' Combined Plan of Reorganization And Disclosure Statement (respectively, the "Objections" and the "Plan").

The Plan cannot be confirmed because it violates the absolute priority rule found in §1129(b)(2) of the Bankruptcy Code. The violation arises as a result of the Plan's provision that the Debtors are to retain various items that are property of the estate pursuant to §541 of the Bankruptcy Code, while at the same time not providing for the payment in full of all unsecured claims. See, e.g., In re Cipparone, 175 B.R. 643 (Bktcy Ct EDM 1994); In re Michael A. Gbadebo, 431 B.R. 222 (Bktcy Ct ND CA 2010). But see, In re Shat, 424 B.R. 854 (Bktcy Ct NV 2010); In re Kamell, 2011 WL 1760282, at *5 (Bankr. C.D. Cal. May 4, 2011): In re Draiman, 2011 WL 1486128, at *37 (Bankr. N.O. 01. Apr. 19, 2011); In re Walsh, 447 B.R. 45 (Bankr. D. Mass. 2011); In re Stephens, 445 B.R. B16 (Bankr. S.D. Tex. 2011); In re Karlovich, 2010 WL 5418872, at *4-5 (Bankr. S.D. Cal. Nov. 16, 2010); In re Gelin, 437 B.R. 435 (Bankr. M.D. Fla. 2010); In re Steedley, 2010 WL 3528599, at *1-2 (Bankr. S.D. Ga. Aug. 27, 2010); In re Mullins, 435 B.R. 352 (Bankr. W.D. Va. 2010); In re Goadebo, 431 B.R. 222 (Bankr. N.O. Cal. 2010).

In fact, while there were a few outliers during the past two (2) years that suggested the adoption of BAPCPA in 2005 somehow eliminated the application of the "absolute priority rule" in individual Chapter 11's, the clear majority view that has now developed has reaffirmed the pre-BAPCPA approach to the "absolute priority rule", and concludes that BAPCPA did nothing

more than eliminate the application of the "absolute priority rule" to postpetition property of the estate that becomes such pursuant to §1115 of the Bankruptcy Code.

The majority view is, clearly, consistent with the plain meaning of the statute, and application of the plain meaning rule in statutory has been mandated for years by, among others, the United States Supreme Court in numerous opinions addressing the Bankruptcy Code. <u>See, e.g.</u> <u>Lamie vs. U.S. Trustee</u>, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004).

The Plan cannot be confirmed because it violates the "absolute priority rule", again, in Article IX, where the Debtors propose not only retaining all property of the estate, but also provides for the retain to be vested with title to "all claims or causes of action arising under the Code".

The Plan cannot be confirmed because it fails to provide for the application of all of the Debtors' disposable income to the payment of creditors during the life of the Plan in contravention of the requirements of §1129(a)(15). Specifically, the Plan, at Article III. B. Class III, improperly, proposes the following for Class III unsecured creditors:

> Debtors' plan payment is predicated upon Associated Physicians receiving gross revenue of $780,000 for a calendar year, or $195,000 per quarter. To the extent that the gross revenue received by Associated Physicians exceeds $250,000 for a consecutive three month period, Debtors will then increase their monthly payment from $5,430 per month to $6,800 per month for the following quarter.

Apparently, the Debtors have concluded that §1129(a)(15) is somehow not applicable to them or their plan, as the Plan fails to provide for the payment of all "disposable income" over the life of the Plan.

The Plan cannot be confirmed because it appears to provide for a permanent injunction against enforcement actions after the occurrence of a default under the Plan in Article V. B of the Plan. However, the unqualified injunction in Article V., B is contradicted by the provisions of Article XIV; thus, this objection may be resolved through clarification in the drafting of Article V. B.

Therefore, for all the reasons set forth herein, Stevins believes that the Court should deny confirmation of the Plan, and dismiss this bankruptcy case.

Respectfully Submitted,
**HERTZBERG, P.C.**

__/s/John D. Hertzberg____
John D. Hertzberg (P38021)
Cocounsel for Stevins
29100 Northwestern Highway, Suite 310
Southfield, MI 48034
248.540.3200
jdhertz@hertzbergpc.com

**PROOF OF SERVICE**

John D. Hertzberg hereby affirms that on November 21, 2011 a copy of the above pleading and all Exhibits and related pleadings thereto were served on all parties entitled to service of same via the ECF system.

Respectfully Submitted,
**HERTZBERG, P.C.**

____/s/ John D. Hertzberg_____
John D. Hertzberg (P38021)
Cocounsel for Stevins
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
248.540.3200
jdhertz@hertzbergpc.com