UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 11-54484-SWR

**MAHMOUD S. RAHIM,**                           Chapter 11
**RAYA H. ABDULHUSSAIN,**
                                                HON. STEVEN W. RHODES
      Debtors.
_____/

### U.S. TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN AND OBJECTION TO ADEQUACY OF DISCLOSURE STATEMENT

The United States Trustee hereby objects to confirmation of the Debtors' Plan filed September 20, 2011, and further objects to the adequacy of the disclosure statement, and in support thereof, states as follows:

1. The Debtors commenced this case by filing a voluntary chapter 11 petition on May 20, 2011.

2. The Debtors are the sole shareholders of Associated Physicians of Southeast Michigan, P.C. ("Associated"), and have continued as such during the pendency of this case.

3. Debtors filed chapter 7 in 2010, Case No 10-57577. Debtors were at that time practicing physicians with what appeared to be a robust practice in Dearborn, Michigan.

4. The Debtors filed for chapter 7 bankruptcy due to some failed investments in Florida commercial real estate.

5. At the time of the filing of their chapter 7 case, the Debtors showed gross income of approximately $39,000 per month.

6. The chapter 7 case was dismissed on December 10, 2010. On May 20, 2011, the Debtors re-filed under chapter 11. As of the date of the filing of this case, the Debtors showed income on Schedule I of $17,000 per month.

7. The Debtors' Monthly Reports in this case make determination of the Debtors' income difficult. (*See Docket Numbers 61, 62, 72, 83, 97 and 108.*) The Debtors apparently take what is needed to pay their household bills and Huntington Bank, but beyond that, it is difficult to tell whether they have the ability to make the proposed plan payment or whether they actually have the ability to pay more than what is proposed.

8. The sole source of the Debtors' income is Associated.

9. Various documents such as bank statements and general ledgers of Associated for certain periods from 2009 through September, 2011 were given tot he U.S. Trustee during October, 2011. These documents however, although providing some insight into Associated and its business practices, do not explain the precipitous decrease in either the Debtors' income or in Associated's revenues.

10. Debtors have also offered to the U.S. Trustee summary numbers regarding patient volumes for current time periods.

11. Notwithstanding the provision of the documents and patient numbers described above, the U.S. Trustee does not believe that the information is substantial enough in depth or scope, nor that it is sufficiently unfiltered from primary source documents, to explain the drop in patient volume and thus in the Debtors' income, to support the proposed plan payments. Associated's gross revenues – insofar as can be determined from bank deposits – vary greatly from month to month. Moreover, the U.S. Trustee's review of the information provided thus far raises numerous questions about the billing and payment practices of Associated, both as to how the Debtors are compensated and to extent to which personal obligations are paid from the accounts of Associated.

12. Given the absence of information in the Debtors' Combined Plan and Disclosure Statement about the Debtors' source of earnings, and the coincidental timing of the extreme decline in revenues since the filing of this case, it is difficult to determine that the Debtors' plan is filed in

good faith. The Debtors' Monthly reports have not been particularly helpful in determining the feasibility or good faith basis for the payments proposed in the plan. The Debtors do not receive a set salary; rather, the Debtors pay certain personal expenses directly from their business (such as the Mercedes Benz auto payments), and money is transferred to them on an irregular basis to cover other costs they have.

13. The Debtors have stated in their Combined Plan and Disclosure Statement that income of Associated has steadily decreased over the past three years. That is all that is stated. But the Debtors are in control of the funds that are brought into Associated and then paid to them. The creditors are being asked to take on blind faith the mere assertion that income has declined with no reliable documentation to support that statement.

14. The Debtors may be able to control the timing of their billing, the number of patients they see, and other factors that affect the income of Associated and therefore of the Debtors. The information which supports a decline in the number of patients and correspondingly in income should be presented in a cogent manner which accounts for variations in the timing of billing to third party payers, receipt of insurance and other third party payments, and patients who pay in cash. A review of the bank statements of Associated suggests that these factors – and an independent patient tally – have to be accounted for in order for the Debtors' lower income in 2011 over 2010 to be accepted as "good faith" under the terms of the proposed plan.

15. 11 U.S.C. § 1129(a)(3) requires a finding that a plan is proposed in good faith before it can be confirmed. There is insufficient information here to make that determination.

16. 11 U.S.C. §1129(a)(11) requires a finding that the plan is not likely to be followed by the need for further reorganization proceedings or by liquidation. For the reasons set forth above, there is insufficient information to make such a finding in this case.

3

WHEREFORE, the United States Trustee respectfully requests that the Court deny final approval of the disclosure statement and deny confirmation of the plan, and for such other and further relief as is just and proper.

                Respectfully submitted,

                **DANIEL M. McDERMOTT**
                **UNITED STATES TRUSTEE**
                Region 9

By:    /s/ Leslie K. Berg
        Trial Attorney
        Office of the U.S. Trustee
        211 West Fort St. - Suite 700
        Detroit, Michigan 48226
        (313) 226-7950
        Leslie.K.Berg@usdoj.gov

Dated: November 21, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-54484-SWR

**MAHMOUD S. RAHIM,**  Chapter 11
**RAYA H. ABDULHUSSAIN,**
 HON. STEVEN W. RHODES

    Debtors.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2011, I served copies as follows:

1. Documents Served: *United States Trustee's Objection to Confirmation of Plan and Objection to Adequacy of Disclosure Statement* and *Certificate of Service.*

2. Served Upon: Mahmoud S. Rahim
Raya H. Abdulhussain
1527 Cliffwood Road
Bloomfield Hills, MI 48302

3. Method of Service: First Class Mail

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9

By: /s/ Leslie K. Berg
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
313.226.7950
Leslie.k.Berg@usdoj.gov

Dated: November 21, 2011