UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 11-54484-SWR

**MAHMOUD S. RAHIM,**                                           Chapter 11
**RAYA H. ABDULHUSSAIN,**
                                                                HON. STEVEN W. RHODES
    Debtors.
_____/

## STIPULATION FOR ENTRY OF ORDER
## DIRECTING APPOINTMENT OF EXAMINER

The United States Trustee, the Debtor, Pacifica Loan Four, LLC, and Law Offices of Samantha Stevins, P.A., stipulate to the entry of an Order Directing Appointment of Examiner. A proposed Order is attached.

| | |
|---|---|
| **DANIEL M. McDERMOTT** <br> **UNITED STATES TRUSTEE** <br> Region 9 | **LIEBERMAN GIES & COHEN, PLLC** |
| By: /s/ Leslie K. Berg <br> Trial Attorney <br> United States Department of Justice <br> Office of the U.S. Trustee <br> 211 West Fort Street, Suite 700 <br> Detroit, MI 48226 <br> 313-226-7950 <br> Leslie.K.Berg@usdoj.gov | By: /s/ Steven J. Cohen (P45140) <br> Counsel for Debtors-in-Possession <br> 30500 Northwestern Hwy., Ste. 307 <br> Farmington Hills, MI 48334 <br> 248-539-5500 <br> steve@lgcpllc.com |
| **FOLEY & LARDNER LLP** | **HERTZBERG, P.C.** |
| By: /s/ Scott T. Seabolt (P55890) <br> Attorneys for Pacifica Loan Four, LLC <br> 500 Woodward Avenue, Suite 2700 <br> Detroit, MI 48226 <br> (313) 234-7100 <br> (313) 234-2800 facsimile <br> sseabolt@foley.com | By: /s/ John D. Hertzberg (P38021) <br> Co-counsel for Law Offices of Samantha Stevins, P.A. <br> 29100 Northwestern Highway, Suite 310 <br> Southfield, MI 48034 <br> 248.540.3200 <br> jdhertz@hertzbergpc.com |

Dated: December 5, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-54484-SWR

**MAHMOUD S. RAHIM,**  Chapter 11
**RAYA H. ABDULHUSSAIN,**
 HON. STEVEN W. RHODES

    Debtors.
_____/

**ORDER DIRECTING U.S. TRUSTEE TO APPOINT AN EXAMINER**

Upon the motion (the "Motion") of the United States Trustee pursuant to 11 U.S.C. § 1104(c)(2) for the appointment of an examiner in the above-captioned cases; adequate notice of the Motion having been given; upon due consideration; and sufficient cause appearing therefor,

**IT IS ORDERED AS FOLLOWS:**

    A.    The Motion is granted as provided herein, and the United States Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c)(2), subject to approval of this Court.

    B.    The Examiner shall investigate the progress of this case through chapter 11, with particular emphasis on the decline in the Debtors' income from 2010 to the present, in particular, the relative decline in the volume of Associated Physicians of Southeast Michigan, P.C. ("Associated"), the Debtors' medical practice, over the three years prior to the filing of this case, the capacity of Associated to provide income to the Debtors to support their proposed plan, billing norms and practices, patient volumes and payment transactions, as well as Associated's practices as to income and expense recording of Associated and the Debtors.

    C.    The Debtors and the Examiner shall mutually coordinate and cooperate in connection with the performance of any of the Examiner's duties. The Debtors shall provide to the Examiner all non-privileged documents and information that the Examiner deems relevant to discharge the Examiner's duties under this Order. In addition, the Debtors are ordered to provide individually identifiable health information to the Examiner that the Examiner deems relevant to discharge the Examiner's duties under this order. If the Examiner seeks, in the course of carrying out his duties hereunder, the disclosure of documents or information as to which the Debtors assert a claim of

privacy under HIPAA, that information shall be provided to the Examiner, but the Examiner is hereby prohibited from disclosing that information to any third party, and shall not provide said information in his report to the Court.

D.   The Examiner shall comply with HIPAA in his use of any covered information in the course of his duties as examiner, and shall comply with any procedures in place at Associated for purposes of HIPAA compliance.

E.   The Examiner shall prepare and file with the Court a preliminary report of the investigation within 30 days after the Court approves the appointment of the Examiner. The Examiner shall file an initial report on or before January 6, 2012.

F.   Until the Examiner has filed the Examiner's report or reports pursuant to 11 U.S.C. § 1106(4)(A), neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examiner's duties, except in hearings before the Court. No HIPAA covered information shall be disclosed in the Examiner's report.

G.   The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

H.   The Examiner shall be a "party in interest" under 11 U.S.C. § 1109(b) with respect to matters that are within the scope of the duties delineated in this Order or as such duties may hereafter be modified by this Court, and shall be entitled to appear at hearings and be heard with respect to matters that are within the Examiner's duties.

I.   Nothing in this Order shall impede the right of the Examiner, the United States Trustee, or of any other party in interest to request any other lawful relief, including but not limited to the expansion or limitation of the scope of the Examiner's investigation.

2

11-54484-mar    Doc 136    Filed 12/05/11    Entered 12/05/11 18:06:48    Page 3 of 3