UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MAHMOUD S. RAHIM and
RAYA H. ABDULHUSSAIN,

    Debtors.

Case No. 11-54484-SWR
Chapter 11
Hon. Steven W. Rhodes

_____/

## MOTION TO COMPEL PAYMENT OF
## ALLOWED ADMINISTRATIVE EXPENSE CLAIM

NOW COMES Seymour L. Adler, the Examiner for the United States Trustee in this bankruptcy case, by his counsel, Allard & Fish, P.C., and states:

1. Seymour L. Adler (the "Examiner") was appointed to serve as an examiner in this Chapter 11 bankruptcy case pursuant to an Order directing the U.S. Trustee (the "UST") to appoint an Examiner, entered on December 8, 2011.

2. On March 19, 2012, the Examiner filed his First Application for Award of Fees and Reimbursement of Expenses as Examiner for the United States Trustee (the "Fee Application") seeking approval of compensation for the period from December 16, 2011 through February 27, 2012 in the amount of $33,783.75, and reimbursement of expenses in the amount of $575.56, for a total award of $34,359.31.

3. On April 10, 2012, the Debtors filed an objection to the Fee Application wherein they objected solely to the language of the proposed order alleging that it constituted a de facto judgment but otherwise conceding that the Examiner was entitled to a first priority administrative expense claim pursuant to 11 U.S.C. § 503(b)(2).

4. On April 30, 2012, the Court held a hearing on the Fee Application, as well as on another fee application filed by Counsel for the Debtors, at which time the Court determined that the Examiner's fees and expenses would be approved as requested and that a judgment should be entered in that amount against the Debtors.

5. On May 8, 2012, the Examiner and the Debtors filed their Stipulation for Entry of Judgment, requesting the Court enter Judgment against the Debtors for the Examiner's fees and expenses.

6. The Court entered the Judgment in Favor of Seymour L. Adler (the "Judgment") on May 10, 2012, awarding the Examiner an administrative expense claim in the total amount of $34,359.31 and entering judgment against the Debtors for the same amount.

7. On June 28, 2012, the Court entered its Order Regarding Fee Application of Counsel for the Debtors, wherein the Court made certain adjustments to the fees requested by the Debtors' counsel.

8. After review of the pleadings in this case, and specifically with regard to the issues addressed at the April 30, 2012, hearing, and the subsequent entry of the Judgment and the Order Regarding Fee Application of Counsel, it appears that certain issues with respect to the revesting and utilization of property of the estate for payment of allowed administrative expense claims have not yet been resolved.

9. Specifically, the Examiner had previously asserted and requested that under the circumstances of this case, any and all funds which constitute or constituted estate property remain as such for payment of allowed administrative expense claims. That is,

the Examiner alleged cause existed for a determination that 11 U.S.C. § 349(b) would not operate to revest property of the estate in the Debtors.

10. This issue was not resolved in the Judgment or in the Order Regarding Fee Application of Counsel and therefore the Examiner seeks an Order determining that such funds will not revest in the Debtors upon the closure of this case.

11. The Examiner estimates that the following constitute estate property and should be utilized for payment of allowed administrative expense claims:

    a. $19,550.17 realized from sale of real property which is currently held in the Debtors' counsels' IOLTA account;

    b. All funds remaining in the Debtor in Possession bank accounts; and,

    c. Any and all funds paid to professionals from the Debtor in Possession bank accounts who did not have their fees approved by the Court (for instance the Examiner believes that Donald Blunden was given a $5,000 retainer from the Debtor in Possession bank accounts but that such funds should be returned to the Debtor in Possession bank accounts as Mr. Blunden did not timely seek approval of his fees and therefore such funds cannot be utilized to pay him).

12. The Examiner believes there may be additional estate funds and/or that the amounts of estate funds are unknown and further seeks an Order requiring the Debtors to disclose and account for all such funds. The Examiner proposes that the Court require the Debtors to file an accounting of such estate funds within ten (10) days of the entry of an Order approving this Motion.

13. Moreover, the Examiner seeks an Order requiring the Debtors to pay allowed administrative expense claims with the estate funds.

WHEREFORE, the Examiner requests that the Court grant the relief requested in this Motion and enter an Order in substantially the same form as Exhibit 1 attached hereto.

        ALLARD & FISH, P.C.

        /S/David E. Schwartz
        Attorneys for the Examiner
        2600 Buhl Building
        535 Griswold Avenue
        Detroit, Michigan 48226
        (313) 961-6141
        dschwartz@allardfishpc.com
        P73136

Dated: June 29, 2012
z:\12\050\plds\motion compel.doc

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MAHMOUD S. RAHIM and  Case No. 11-54484-SWR
RAYA H. ABDULHUSSAIN,  Chapter 11
 Hon. Steven W. Rhodes
    Debtors.

_____/

## ORDER GRANTING MOTION TO COMPEL PAYMENT OF
## ALLOWED ADMINISTRATIVE EXPENSE CLAIM

The matter having come before the Court on the Motion to Compel Payment of Allowed Administrative Expense Claim (the "Motion"); notice of the Motion having been duly and properly served; no objections to or other responses to the Motion having been filed; and the Court having been duly advised in the premises;

IT IS THEREFORE ORDERED that the Motion shall be, and is hereby, approved in all respects.

IT IS FURTHER ORDERED that pursuant to 11 U.S.C. § 349(b), the Court has found cause to preclude the revestment of property of the bankruptcy estate to the Debtors.

IT IS FURTHER ORDERED that the Debtors shall, under penalty of perjury, file an accounting of all estate funds within ten (10) days of the entry of this Order.

IT IS FURTHER ORDERED that all estate funds shall be made available for payment of allowed administrative expense claims.

IT IS FURTHER ORDERED that Donald Blunden shall return the retainer he received to the estate to the Debtor in Possession bank accounts within five (5) days from

the entry of this Order, and the same shall constitute estate property for payment of allowed administrative expense claims.

IT IS FURTHER ORDERED that parties may file objections to the accounting of estate funds within five (5) days after its filing, after which time the Court will hold a hearing to resolve any objections and determine the amounts of estate funds.

IT IS FURTHER ORDERED that if no objections to the accounting of estate funds are filed then the Debtors shall forthwith thereafter pay allowed administrative expense claims with the estate funds and shall file a notice of distribution evidencing the amounts paid and to whom they were paid within three (3) days.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MAHMOUD S. RAHIM and  Case No. 11-54484-SWR
RAYA H. ABDULHUSSAIN,  Chapter 11
 Hon. Steven W. Rhodes

    Debtors.

_____/

## NOTICE OF MOTION TO COMPEL PAYMENT OF
## ALLOWED ADMINISTRATIVE EXPENSE CLAIM

    Seymour L. Adler, the Examiner for the United States Trustee (the "Examiner"), has filed a Motion to Compel Payment of Allowed Administrative Expense Claim (the "Motion"). As more fully set forth in the Motion, the Examiner's fees and expenses were approved as an administrative expense and the Examiner is seeking to compel payment of allowed administrative expense claims from property of the bankruptcy estate. The Examiner is also seeking clarification of the estate funds, precluding revestment of the same and seeking return of all retainers paid from estate funds.

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the Court to grant the relief requested in the Motion or if you want the Court to consider your views on the Motion, within **14 days**, you or your attorney must:

    1.    File with the Court a written response or an answer, explaining your position at:

        U.S. Bankruptcy Court
        Suite 2100
        211 West Fort Street
        Detroit, Michigan 48226

    2.    You must also mail a copy to:

        David E. Schwartz, Esq.
        2600 Buhl Building
        535 Griswold Avenue
        Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

                              ALLARD & FISH, P.C.

                              /S/David E. Schwartz
                              Attorneys for the Examiner
                              2600 Buhl Building
                              535 Griswold Avenue
                              Detroit, Michigan 48226
                              (313) 961-6141
                              dschwartz@allardfishpc.com
                              P73136

Dated: June 29, 2012
z:\12\050\plds\motion compel.doc

# EXHIBIT 3

# NOT APPLICABLE

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MAHMOUD S. RAHIM and  Case No. 11-54484-SWR
RAYA H. ABDULHUSSAIN,  Chapter 11
  Hon. Steven W. Rhodes
    Debtors.

_____/

## CERTIFICATION OF SERVICE

I, Camellia Williams, hereby certify that on June 29, 2012, I electronically filed the foregoing:

- Motion to Compel Payment of Allowed Administrative Expense Claim;
- Notice of Motion to Compel Payment of Allowed Administrative Expense Claim (the "Notice");

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF system has served all registered users. I have mailed by United States Postal Service the Notice to the following non-ECF participant:

Donald Blunden
Blunden & Assoc.
14600 Farmington Road, Ste. 105
Livonia, MI 48154-5431

        ALLARD & FISH, P.C.

        /s/ Camellia Williams
        535 Griswold
        2600 Buhl Building
        Detroit, MI 48226
        (313) 961-6141

Dated: June 29, 2012
z:\12\050\plds\motion compel.doc

# EXHIBIT 5

# NOT APPLICABLE

# EXHIBIT 6

# NOT APPLICABLE